MSG

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19        2599

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 30 Garrett avenue Bryn Mawr Pa 19010

Address of Defendant: _____

Place of Accident, Incident or Transaction: 30 Garrett avenue Bryn Mawr Pa 19010

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/14/19     _____     _____
                   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
       *(Please specify):* Constitutional Rights

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Karem A. Hut, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 6/14/19     _____     _____
                   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

MSG

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Karimu Hamilton     :     CIVIL ACTION

Randron Township Police Depart   v.

Randro Township Department of Community Renewal    NO. **19 2599**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

6/14/19               K---|---

**Date**                            **Pro Se Plaintiff**

215-394-7054          Ø         Kebenikito@gmailcom

**Telephone**              **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

MSG

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Karimu Hamilton

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**19     2599**

- against -

Radnon Township
Radnon Township Police Department
Radnon Township Department
of Community Development

_____

_____

_____

_____

_____

_____

**COMPLAINT**

Jury Trial:  ☐ Yes  ☒ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.**     **Parties in this complaint:**

**A.**     List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | Name | Karimu A. Hamilton |
| | Street Address | 30 Garrett ave |
| | County, City | Delaware County |
| | State & Zip Code | Pennsylvania 19010 |
| | Telephone Number | 215- 394-7054 |

*Rev. 10/2009*

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government
      agency, an organization, a corporation, or an individual.  Include the address where each defendant can be
      served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.
      Attach additional sheets of paper as necessary.  Chris   Flannagen

Defendant No. 1        Name  Radnor  TownShip  Pohco  Commssuon
                       Street Address  301 Even  avonve
                       County, City  WayNE  Pg
                       State & Zip Code            19087

Defendant No. 2        Name  Kevin Kochanski
                       Street Address  301  Iven  Avenue
                       County, City  WAyN  Pa  19087
                       State & Zip Code

Defendant No. 3        Name  Andrew  Pancoest
                       Street Address  301  Iven  ave
                       County, City  Uaywe  Pg
                       State & Zip Code       1908

Defendant No. 4        Name  dvdge  Leon  Hunter
                       Street Address  4655  Westchester  Pl
                       County, City  Delaware  County
                       State & Zip Code  19073

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases
involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a
case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. §
1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than
$75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*
      Q   Federal Questions          Q   Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at
      issue?  Dve Process,  Color of  Law, and
      Deprivation  of rights  under the  Color of law
      Section  242  of Title  18,  Unlawful  Search
      Disenhination,  Race, gender.

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? 30 Garrett ave
Bryn Mawr Pa 19010

B.      What date and approximate time did the events giving rise to your claim(s) occur? 6:30am
_____

_____                    PLEASE
SEE

C.    Facts: The Police Commissioner of Radnor Township Attacks
[What happened to you?]  Condemd my home this morning. I am now Homeless I have six year old daughter He fabricated Police Reports w/ several different agencies CYS and to gain entry into home CYS report was unfounded. He filed an administrative
[Who did what?]  WARRANT outside of Ward. to get WARRANT signed. My WARD is 7 which is the district i reside in and is presided by Honorable Justice David H. Lang. They had warrant signed by a Judge Leon Hunter

[Was anyone else involved?]  Radnor Township Fire Department
_____

[Who else saw what happened?]  I am also learning That the are giing to arrest me next week for Terroristic Threats
_____

See attachments

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Pain, Suffering, loss of wages, Emotional Distress.

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I am requesting an Emergency Hearing to dertermine the Constitutionaly of what happened.

I am requesting A Stay of the Administative So that a Judge Can review documents to determine lawfulness of matter

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 20____.

Signature of Plaintiff _Kamau Hul_____

Mailing Address _30 L Garrett ave_____

_Bryn Mawr Pa 9010_____

Telephone Number _215-394-7054_____

Fax Number *(if you have one)* _____

E-mail Address _Kabena Kito @ gmail.com_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _14_ day of _June_____, 20 _19_, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _K_____

Inmate Number _____

President  Honorable Justice Judge Kevin F. Kelley

Delaware County Court of Common Pleas

201 West Front Street

Media, Pa 19063

cc.  Honorable Justice Judge Michael Green

cc.  Honorable Justice Judge David H Lang

cc.  Honorable Justice Judge George A. Pagano

June 13 2019

RE: 30 Garrett AvenuE

Downs vs Hamilton

Case # 10-2733

I reside in a home on 30 Garrett Ave in Bryn Mawr Pennsylvania.  It was inherited property from my mother and she from my grandparents. The house is a twin with a property in the back, it has a shared yard.  In 2017 MY Aunt sold her portion of the Estate, **32 Garrett Avenue** to **Rachel and Justin Ridgeway**. We agreed when they moved in they could use the scope of the land.  I owned the majority of it and did not mind sharing. In exchange her husband would maintain the lawn. One day I was back there and saw loads of dog bowel movement. I asked them to clean after their dogs. Shortly thereafter they approached me as I was taking my daughter to tumbling class early Saturday morning. I told them that I was sharing the land and that I just need them to clean the dog poop. Rachel Ridgeway yelled and cursed me out.  **(See attachment 1 )**.When I came home that day they had begun to dismantle the grape vine. **Incident Report # 17001417** The Township *honored* the Ridgeways with a **permit** to put up a fence that does not comply with Radnor Township fencing code

guidelines and then the Ridgeways cut the entire grape vine to the root, I contacted officer **Flannigan** about the matter he told me to file a police report see( **attachment 2.)** Prior to putting up the fence the Ridgeways had stopped maintaining the lawn, I subcontracted two different lawns man to go back there and cut the lawn, they refused because it was flooded with dog bowel movement and did not want to ruin their equipment.

Since then **Radnor Township and the Ridgeways** have *collaborated.* Radnor Township in its entirety are attempting to constructively remove me from my home utilizing my daughter and **environmental hazard** as the **tool** or **remedy**. What they want to do is inspect my home *stack up the violations* . Tell me *I can't* live there because its unsafe for my daughter and then displace me. The Township has funded the repair of the *entire* plumbing system of 32 Garrett avenue so that they can "search" and see the pipes to my home which is adjacent and or  parallel to 32 Garrett avenue.  The Radnor Township Commissioner has come by every morning to monitor the progress of the work being done on the property.

**On December 4th** of **2018**, (Christmas season) I came home from work early to find 4 police officers banging at my door. I sent **Chris Flannigan, Chief of Police** an e-mail asking what was the problem. **(attachment 3)**He called me and told me that He needs to get into my home, I asked why and then I declined. He stated that he was coming anyway. Minutes later there were 4 police cars and two fire trucks at my door. They pushed passed me and told me there was gas in the home. I called **PECO** and there was no gas found in the home.  The next day I got a call from CYS stating that they got a call from a mandated reporter & that my home was unfit for a child and that they were coming to my home with a **Radnor Township Inspector**. Later on that evening **6 police officers** , **Chief of Police Chris Flannigan & the Radnor Township Inspector, Kevin Kochanski** came to my home accompanying the CYS case worker to conduct an inspection.  The details of the incident are detailed in the attached letter. The police report made to CYS was fabricated, it stated that it stated I did not have water on and that there were holes in the steps and they thought they were going to fall through when they came in.  The CYS report was unfounded. **(attachment4)**

**This weekend June 09** Radnor Township attempted again to unlawfully search my home , my neighbor 32 garrett avenue, The Ridgeways alleged a gas smell being emitted from my home again.  I told them to call PECO. **PECO** did come and it was found that there was no gas In the home see attachment **(attachment5)**

On **Tuesday the 11th of June** , I was gardening and trimming the evergreen bush in the front of my home with a hand saw that I borrowed from my neighbor across the bridge, when I walked up the street to return the knife  my neighbor at 32 Garret avenue called the police and stated that a woman was walking up the block with a knife. I was

stopped by police officers with GUNS out, held on the corner for about 30 minutes. After they saw that I was gardening , they took the saw from me and returned it to the neighbor I borrowed from and told me I have to wait for Chief of Police Flannagan to come and talk to me. When he arrived he told me he was going to get into my home one way or another and if I didn't let them into my home he would file for an **Administrative Warrant**. He stated that he can arrange to and have my home inspect my home today. I again told him that I would prefer if we had a legal discussion before a judge regarding jurisdiction and the legalities of this matter and he stepped back and allowed me to leave.

I am being harassed and discriminated against. **Honorable Judge Michael Green** left the case open because he was made aware that Radnor Township was harassing me and told me I could come to him if I ever had any problems with them. I attempted to submit this info to him your clerks stated they would scan it but it would not got to **Honorable Judge Michael Greens desk. (see attachment 4)** .

I am aware that there is a plumbing issue, I am aware that of my need to maintain my lawn. My family has resided on the Estate for over 70 years. We are talking about 5 generations of stuff that I have had to sort, filter, sell and or throw out. Plus work , plus take care of my daughter , plus try to carve out a bright future life for myself. I just found a hidden closet under the steps of my basement that is full of stuff. For the last three months, I have been working diligently in my Yard and on my property within what my **budget** will allow. I am aware that I have plumbing issue your Honor, I don't have the money to hire a **master plumber** at this moment to take care of the issue. A plumber is coming by tomorrow to take a look and see what the issue is. I am in a bankruptcy, my daughter attends a local private school in the area, I have the upcoming taxes that I will have to pay by September. I am doing my best.

I have never been held captive by a police officer ever, I have never been held at gun point ever . I am very concern for my safety, I can not afford an attorney. This is getting out of hand. My intention your honor is to proceed with a hearing with the Township. If I have to re-file , I would like permission to procced via *informa Pauperis* in which I can submit the required to economic verification documents required and submit to you on Monday morning for your review.

Karimu A. Hamilton
30 Garrett Avenue
Bryn Mawr, Pa 19010

## INCIDENT REPORT

I have resided at 30 Garrett Avenue for 10 year's, It is a property that was passed down to me as a result of my mother's untimely death in March of 2009.   The property initially belonged to my great grandparents  and grandparents.  My mother's untimely death was in March of 2009. I relocated from Harlem to Pennsylvania to settle my mother's estate that included a shared property of three houses, cars etc. My Aunt Alice Getty's Downs commenced a civil proceeding action to have the properties Subdivided and distributed accordingly, Hence, **Alice Gettys Downs vs, Chaka Hamilton & Karimu Hamilton,  Administrix of the Estate of Barbara Gettys Hamilton 10-2733**. This case was presided over by **Honorable Judge Michael Green.**

Prior to the proceeding, may be one month after my mother passed away, My next door neighbor had his land surveyed, we shared a driveway and found that a portion of the land had belonged to him. **Radnor Township Department of Community Development** granted him a permit to put up a fence and Radnor Township Police Department came to my home, ordered a towing truck and towed my mother's car off the property. As I was explaining to them that they were out of their jurisdiction and did not have the right to Tow my mother cars off of my property. A police officer handed me a piece of Paper with a summons to appear in court for criminal trespassing. Hence, **Radnor Township Police Department VS. Karimu Hamilton**. I was found Not Guilty by **Honorable David H. Lang** "I am going to rule this not guilty because this situation is volatile." and to the police officers he told ( I will never forget) 'You better stop , I am warning you." 'That is an easement and she has right of way," "That fence will block her back house and if there is a fire how will the fire department get to the back . "You better stop, I am warning you." You can -not fence a property in like that." A week later the fence was put up.

In 2013 the case was settled and the properties were distributed accordingly. I inherited 30/36 Garrett Avenue which includes a back house and my Aunt Alice 32 Garrett avenue. My Aunt Alice and Radnor Township wanted the back property to be condemned and demolished. So that my Aunt Alice could have more land on her side.(It is documented in the case) I had insisted to **Honorable Judge Green** that he write in the order that the Back house not be condemned or demolished. Instead he stated that he would leave the case **OPEN** and if I ever have any problems with the Township, I was to come to him.

In 2016, My Aunt sold 32 Garret Avenue to a couple from Kensington. Because we have a shared yard the verbal agreement was that they would mow the lawn in exchange for them using the scope of the back yard as needed. I owned the majority of the land, however, I did not have an issue sharing,. Every-time I went back there I would see dog-bowel movement all over my side of the yard. I asked the neighbor kindly to please pick up after their dog. Then I noticed that they were expanding their property lines by leaving items on them as a form of adverse possession. I told them kindly that if they wanted to put up any structures on the property they would have to have the land surveyed FIRST.

I would call the police file police reports and every time they would come to my home they would say and say it was a civil issue. **Commissioner Chris Flannigan** came out and told me that "they" meaning **32 Garrett Avenue** said the grapevine arbor and grapevine is on their property and if you touch their property, I will summons you to court for criminal trespassing." Shortly thereafter 32 Garrett avenue knocked down the grapevine arbor, cut the grape vine down to the root and put up a fence which I am so certain is a code violation. When I called the police and sent Commissioner Chris Flanagan an email regarding the matter, he told me to file a police report.

December 4th 2018 I had come from work early. There were two police officer banging on my door, I sent **Commissioner Flanagan** an email asking him why officers were banging on my door. He asked me to call him. He called me and asked if he could come to my home. I asked him why, he stated I just need to come to your home I am going to send the Township inspectors. 20 minutes later, Fire trucks and Police Cars are driving to my home. I hear the neighbor mention they smell gas. The

Radnor Township Volunteer Fire men that came to my door with police officers were actually minors and the children of neighbors at **70 Garrett Avenue**, in which whose parents also are very well connected with the Township both of their children have jobs with Radnor Township. The child walks upstairs into my home to the third floor with some type of meter stating that there is no gas smell here but an 0.005 odor of something downstairs, they left shortly after that.

The next day I got a call from **Child Youth Services of Delaware County** Stating that my home was unfit for a child, the water was off and that they thought that they were going to fall through the steps etc. **Melissa Ward** the case worker stated that she was going to come to my home with **Radnor Township Inspectors** to see the child and make sure the home was safe. At 9 pm **Six** police officers, Including **Commissioner Flanagan**, A child youth service worker rang my door bell. I declined the entry of every -one except the Child Youth Service worker and one police officer. The walked through the home and shortly thereafter left. I did have **PECO** come to my home to verify that there was no gas being emitted from my home.

I did have a final visit with **Case worker Melissa Ward** who was incredibly rude and disrespectful. When I called to schedule a home visit with her, I asked if she would be accompanied by any one because the last time there were 6 Police officers at my door and she stated "**I will call the cops if I have to.**"

**She asked me why I did not have a car, would I take a drug test, would I sign a document stating to decline taking a drug test?** She explained to me that Radnor Township Police Commissioner had met with her in the afternoon and walked around the property and told her that my home needed to be condemned, it was full of junk and unsafe for a child. She admitted to calling my daughters school and stated that their report helped my case. She did state that the **Radnor Township Police Department has a stack load of police reports written against me. Child Youth Services had closed the case and did not recommend me for services.**

A week later, I received a **Noticed OF Violation letter from Radnor Township.**

I went to the Delaware County Court House to file a request for a hearing regarding the Township and the allegation of Violations. Last year they had just condemned the

Attach 1

Neighbor-

I apologize for losing my temper in front of your daughter. There is no excuse for that.

The saying good fences make good neighbors holds true in this case and we will be putting one up.

- Rachel
Ridgeway
32 Garrett



M Gmail

aibun otik <kabenakito@gmail.com>

---

## 30 Garrett avenue
2 messages

---

**aibun otik** <kabenakito@gmail.com>                    Mon, Dec 3, 2018 at 3:48 PM
To: Chris Flanagan <Cflanagan@radnor.org>

Good evening officer flannigan,
There were officers at my door this afternoon, Is there a problem.?


Karimu Hamilton

---

**Chris Flanagan** <cflanagan@radnor.org>                Mon, Dec 3, 2018 at 3:53 PM
To: aibun otik <kabenakito@gmail.com>


Can you call me. Number is below


**Christopher B. Flanagan #500**

*Superintendent of Police*

**Radnor Township**

**301 Iven Avenue**

**Wayne, PA 19087**

**610-688-5606 ext. 108**

**cflanagan@radnor.org**





**From:** aibun otik <kabenakito@gmail.com>
**Sent:** Monday, December 03, 2018 3:49 PM
**To:** Chris Flanagan <cflanagan@radnor.org>
**Subject:** 30 Garrett avenue


Good evening officer flannigan,

---

Alice Downs, Plaintiff
Vs.
**The Estate of Barbara Gettys Hamilton-**                    **10-2733**
Karimu Hamilton
30 Garrett Avenue
Bryn Mawr, Pa 19010
—

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY
## PENNSYLVANIA

The Estate of Barbara Gettys Hamilton                    :
Karimu A.Hamilton
30 Garret Avenue                    :          Orphan DIVISION-**10-2733**
Bryn Mawr, Pa 19010                    :

                              P                    :
                                                  :
                                                  :
                                                  :
                                                  :

Radnor Township                    :
Department of Community Development
Police Department
Keith Koch                    :

                                                  :
                   Defendants                    :

---

## CIVIL ACTION COMPLAINT
### Estate

1. The Plaintiff, Karimu A. Hamilton is the Owner and resident of 30 Garrett Avenue.

2. The Defendants, Radnor Township including Radnor Township Police Department and Radnor Township Department of Community Development, have engaged in the practice of Color of Law against my properties.

4. On December 4 2019, Plaintiff returned home from work to hear police officers violently banging on her door. Plaintiff, contacted Radnor Township Police Commissioner Chris Flanagan via Phone and email to inquire as to why two police officers were knocking at her door. He stated that he wanted to come into my home. I asked and why and told him to have the Inspector call me. Shortly there- after. 4 police officers and two fire trucks came to the Plaintiffs home.

5. Apparently, the resident of 32 garret avenue alleged the smell of gas. One Police officer and two (Minor)Volunteer Fire Fighters pushed their way through Plaintiff's home walked to the third floor, came back down and stated there was no gas smell in the home.

6. The next morning, Plaintiff, received a call from Child Youth Services stating they received a call from mandated reporters stating that home was deplorable, unfit for a child and needed to be condemned. She also stated that she needed to come to the home that evening to ensure that the child was safe. Police report number# 180015207.

7. The next evening at 9 p.m. Six Radnor Township Police Officers, Including Radnor Township Police Department Comissioner Chris Flanagan, One Child Youth Service Worker and Radnor Township Inspector Came to Plaintiff's home. Plaintiff, declined the entry of the officers with the exception of the One Female Radnor Township Police Officer and the Child Youth Service Worker. The Walk through was completed. The condition of the home was in compliance with the Guidelines of Child Youth Services. Plaintiff, did call Peco and it was established there was no gas smell See attachment 1,2,3.

8. Weeks later (attachment 3), Plaintiff, receives letter From Radnor Township Department of Community Development Notice of Violation

9. Radnor Township Department has been condemning homes of African Americans in region and just recently condemned the home of my neighbor @ 70 Garret avenue.

10. Plaintiff, Is concerned that Radnor Township Department of Community Development and the Radnor Township Department of Community Development will continue to harass and commit unlawful actions against her home.

### COUNT 1- DEPRAVATION OF RIGHTS UNDER THE COLOR OF LAW

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the heir lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

WHEREFORE, The Plaintiff, Karimu A Hamilton is humbly requesting an hearing before an Honrable to Judge to ensure that whatever future actions are taken against 30 Garrett avenue are down in a ethical and legal fashion

Humbly and Respectfully Submitted By;

Karimu Abena Hamilton

30 Garrett Avenue

Bryn Mawr Pa 19010

INCIDENT NOTIFICATION CARD

INCIDENT # 1700 1470

On 10/18/17 (Date) at 1825 (Time) , the Radnor Township

Police responded to 30 BRENDT AVE (Location)

Nature of the Incident: CIVIL DISPUTE

For additional information regarding this police contact, call 610-688-0503.

Officer MARTORICH          Badge # 112

*For additional Police information and services visit www.radnor.com*

---

INCIDENT NOTIFICATION CARD

INCIDENT # 1800 09627

On 8/1/18 (Date) at 1827 (Time) , the Radnor Township

Police responded to 30 Georth Rd. (Location)

Nature of the Incident: Civil Dispute

For additional information regarding this police contact, call 610-688-0503.

Officer Patterson          Badge # 121

*For additional Police information and services visit www.radnor.com*

Attach 2

A# 4

196-98096 5/12

NAME _____

ADDRESS 30 GARRETT AVE

# A PECO SERVICE
# TECHNICIAN WAS HERE

ON

DATE 12/4/18 _____ AM ___7___ PM

We are sorry to have missed you.

We were here to _____

_____

Please call the number listed below to let us know
when we may return.

## 1-800-841-4141
(24-hours a day)

_____     _____
                        SERVICE TECHNICIAN



## PECO ®

An Exelon Company



# COUNTY OF DELAWARE
## DEPARTMENT OF HUMAN SERVICES
## OFFICE OF CHILDREN & YOUTH SERVICES



**Council**

**John P. McBlain**
Chairman

**Colleen P. Morrone**
Vice-Chairman

**Michael F. Culp**
**Kevin M. Madden**
**Brian P. Zidek**

**Sandra Garrison, Director**
Department of Human Services

**Deirdre Gordon, Administrator**
Children & Youth Services

January 15, 2019

Karimu Hamilton
30 Garrett Ave
Bryn Mawr, PA 19010

Dear Ms. Hamilton:

Children and Youth Services recently met with your family to conduct an Intake assessment regarding allegations that your family was in need of general protective services.

This letter confirms that the agency has made a decision to not accept your family for general protective services.

If you have any questions regarding this notification, please feel free to call me at 267-581-7136.

Sincerely,

Melissa Ward, BSW
Intake Caseworker
Children and Youth Services

**UPPER DARBY OFFICE**
20 South 69th Street, 3rd Floor
Upper Darby, PA 19082
(610) 713-2000
FAX (610) 713-2354

**EDDYSTONE OFFICE**
Baldwin Tower
1510 Chester Pike, Suite 102
Eddystone, PA 19022
(610) 447-1000
FAX (610) 447-1016

**LEGAL SERVICES DEPARTMENT**
Government Center, Room G-20
201 West Front Street
Media, PA 19063
(610) 891-5104
FAX (610) 891-0489

**TOLL FREE NUMBER 1-800-416-4511**



☰ Ⓜ Gmail          🔍 in:sent                                    ✕  ▾

Compose

Inbox  25,068          **30 Garrett Avenue**    Inbox ✕
Starred
Snoozed               **aibun otik** <kabenakito@gmail.com>
Important             to Kevin, Cflanagan, me
Sent
Drafts  372           June 15 2018
Categories
  Social  27,299      Kevin Kochanski
  Updates  22,664     Radnor Township
  Forums  280         Director of Community Development
  Promotions  47,205  301 Iven Avenue
Personal              Wayne, Pa 19087
Travel
More                  Chris Flanagan
                      Radnor Township
                      Police Commissioner
                      301 Iven Avenue
                      Wayne, Pa 19087


                      Re:Criminal Mischief/ Race Discrimination/ Constitutional Violation


                      I am a victim of criminal mischief and adverse land position as it pertains to the actions that my Neighbors have taken against me at 30

Sign in               The issue began last year when they attempted to put up a shed on my property as a form of adverse possession. I explained to them
                      curses and such and when i cam home the Grapevine was cut down to the root and they knocked down a portion of the grape vine arb
Signing in will sign you into Hangouts
across Google         My family has occupied this property for 75 years, I did call the police department and filed a police report. I was told that this was a civ
Learn more
                      I am going to repair my grape vine arbor this weekend. 32 garret avenue has permission from Radnor Township Department of Commu
                      Department of Community Development or Radnor Township Police Department to knock down my Grape Vine Arbor or to cut down m

                      I was looking for a level accountability on behalf of both the Department of Community Department and the Radnor Township Police De
                      African American woman had i knocked down. vandalized or destroyed any white persons property in Radnor Township I would have t

                      You cannot eye ball property lines, 32  Garret Avenue and any resident of this area should be required to submit a property survey des



NAME _____

ADDRESS 30 GARRETT AVE

BRYN MAWR

# A PECO SERVICE
# TECHNICIAN WAS HERE

ON

DATE 6·8·2019 ___ AM _____ PM

We are sorry to have missed you.

We were here to INVESTIGATE A
REPORT OF A GAS ODOR.

Please call the number listed below to let us know
when we may return.

NO LEAKS FOUND

## 1-800-841-4141
### (24-hours a day)



_____   103675_____
SERVICE TECHNICIAN

# PECO®
## An Exelon Company

INCIDENT NOTIFICATION CARD

INCIDENT # _190008925 / 190008899_

On _____ at _____, the Radnor Township
       (Date)                          (Time)

Police responded to _____
                                              (Location)

Nature of the Incident: _____

_____

For additional information regarding this police contact, call 610-688-0503.

Officer _____ Badge # _____

For additional Police information and services visit www.radnor.com

INCIDENT NOTIFICATION CARD

INCIDENT # _190008758 / 190008762_

On _6-8-19_ at _1548_, the Radnor Township
       (Date)              (Time)

Police responded to _30 Garrett_
                                        (Location)

Nature of the Incident: _Gas Investigation / Harassment_

_____

For additional information regarding this police contact, call 610-688-0503.

Officer _Collins_ Badge # _124_

For additional Police information and services visit www.radnor.com



Radnor Township
Ward Map

My district is
Presided over
by
Honorable
Justice H
Long

32-1-27

N.P   32-2-43

Ordinance #2014-09
Adopted September 22, 2014



# Commonwealth of Pennsylvania

## COUNTY OF DELAWARE

**APPLICATION FOR
SEARCH WARRANT
AND AUTHORIZATION**

| Docket Number (Issuing Authority): | Police Incident Number: | Warrant Control Number: |
|---|---|---|

Andrew Pancoast, Radnor Township
Community Development Officer

610-688-5600

| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |
|---|---|---|---|

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** *(Be as specific as possible):*
Evidence of violations the Radnor Township Property Maintenance Code at Sections 305, 308, and 309 relating to accumulation of trash, structural deficiencies, and pests; 504, 505, and 506.2 relating to plumbing and lack of water and sewer service; 604.1, 604.2, and 604.3 relating to electrical deficiencies and lack of electrical service; and 704 related to fire protection systems.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):*
All structures at 30 Garrett Avenue, Rosemont, PA 19010, being Delaware County Tax Map Parcel Number 36-07-04549-00.

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** *(If proper name is unknown, give alias and/or description):*
Karimu Hamilton

**VIOLATION OF** *(Describe conduct or specify statute):*
Sections 305, 308, and 309 relating to accumulation of trash, structural deficiencies, and pests; 504, 505, and 506.2 relating to plumbing and lack of water and sewer service; 604.1, 604.2, and 604.3 relating to electrical deficiencies and lack of electrical service; and 704 related to fire protection systems.

**DATE(S) OF VIOLATION:**
Ongoing.

☐ **Warrant Application Approved by District Attorney – DA File No.**
*(If DA approval required per Pa.R.Crim.P. 202A with assigned File No.*

☐ **Additional Pages Attached (Other than Affidavit of Probable Cause)**

☒ **Probable Cause Affidavit(s) MUST be attached (unless sealed below)   Total number of pages:**  9 .

**TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED**
The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

X _Andrew W. _____

| Signature of Affiant | Agency or Address if private Affiant | Badge Number |
|---|---|---|

Sworn to and subscribed before me this _13_ day of _June_ 20_19_. Mag. Dist. No. _32-2-43_

_Leon Hunter   4655 W. C. Pike   Newtown Sq. Pa. 19073_   (SEAL)

Signature of Issuing Authority          Office Address

## SEARCH WARRANT

**TO LAW ENFORCEMENT OFFICER:**

WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **

_10P_ M, o'clock _June 15_ 20_19_

\* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(5).
\*\* If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).

Issued under my hand this _13_ day of _June_ 20_19_ at _10:30A_ M, o'clock.

_Leon Hunter_   _32-2-43_   (SEAL)

| Signature of Issuing Authority | Mag. Dist. or Judicial Dist. No. | Date Commission Expires: _2024._ |
|---|---|---|

BE COMPLETED BY THE ISSUING AUTHORITY

Title of Issuing Authority: ☐ District Justice ☐ Common Pleas Judge ☐ _____

AOPC 410A-02-05-99



## AFFIDAVIT OF PROBABLE CAUSE TO SEARCH

Your affiant is Andrew Pancoast, Radnor Township Community Development Officer, who is seeking an administrative search warrant to allow for the inspection of premises located at 30 Garrett Avenue, Radnor Township, Pennsylvania ("Unit") in order to determine whether the Unit is in violation of the 2009 International Property Maintenance Code, as adopted by Radnor Township, at Sections 305, 308, and 309 relating to accumulation of trash, structural deficiencies, and pests; 504, 505, and 506.2 relating to plumbing and lack of water and sewer service; 604.1, 604.2, and 604.3 relating to electrical deficiencies and lack of electrical service; and 704 relating to fire protection systems.

Karimu Hamilton ("Hamilton") is an adult individual currently residing at and the current title record holder of 30 Garrett Avenue, Rosemont, Pennsylvania, 19010 ("Property"). The Property features a two-story side-by-side duplex, with one half of the duplex owned by Rachel Ridgeway and the other half by Hamilton. From the street, Hamilton is the owner of the duplex on the right ("Unit"). The Property includes a separately secured structure in the rear.

On or about December 3, 2018, Radnor Township Police were dispatched to the duplex where they made contact with Rachel Ridgeway at 32 Garrett Avenue. Ms. Ridgeway reported an odor of sewer gases inside her home, which police substantiated upon entering the home. As a result of this call, Bryn Mawr Fire Company dispatched to 32 Garrett Avenue and found measurable amounts of cyanide gas in the air. While on the scene, members of the Bryn Mawr Fire Company were permitted access to 30 Garrett Avenue by a resident, where they found old food and trash strewn about the residence as well as indicia of structural defects. The resident informed the firefighter the water had been disconnected, but that the resident continued to use the toilets in the Unit.

On December 4, 2018, your affiant assisted Delaware County Children and Youth Services caseworker Brandelynn Tynes to 30 Garrett Avenue for a well-being check on a minor living in the residence. A resident denied your affiant permission to conduct a code inspection inside the residence.

On December 14, 2018, your affiant issued a letter addressed to Ridgeway and Hamilton regarding potential plumbing issues in their shared structure and the relevant Property Maintenance Code standards. In the letter, your affiant requested both parties within seven days provide reports from a licensed plumber indicating that the plumbing systems in their homes were in working order or, alternatively, what repairs would be necessary. Ridgway hired Craig E. Shea Plumbing, Inc. who inspected the plumbing system at 32 Garrett Avenue and informed Ridgeway that it was functioning normally. Craig E. Shea Plumbing, Inc. informed Ridgeway the odor detected on the third floor of the house was not resulting from the plumbing system at 32 Garrett Avenue. The Township never received any acknowledgement or communications that

3

voR CODE OFFICIAL

6/13/19

Hamilton ever had her property inspected by a plumber regarding the smell emanating from her property.

On December 26, 2018, Radnor Township Police were called to 32 Garrett Avenue and documented an odor on the third floor of the residence despite the properly functioning plumbing at 32 Garrett Avenue.

On January 18, 2019, the Township issued a Notice of Violation (NOV) to Hamilton for violations of the Property Maintenance Code at sections 504.1, 504.3, 302.7, 304.1, and 304.2. Hamilton has not responded to the NOV.

On or about April 25, 2019, Radnor Township Health Officer Marie Carbonara contacted Aqua-Pennsylvania to determine whether water service was active at 30 Garrett Avenue. The Aqua representative informed Ms. Carbonara that Ms. Hamilton had restricted the release of information on the account, preventing Radnor Township from learning whether water service was active.

On April 25, 2019, Radnor Township filed a Complaint in Equity as well as Petition for Preliminary Injunction seeking to compel Hamilton to comply with the Radnor Township Property Maintenance Code. After visits to the property on four separate days at different times by a process server, the server was able to make contact with Hamilton on May 29, 2019. While she came to the door, Hamilton refused to open the door for the process server and requested the pleadings be placed in her mailbox. The timeframe for service of the complaint, however, had lapsed days before service and has since been reinstated.

On or about May 9, 2019, Radnor Township received a complaint from the owners of 32 Garrett Avenue that animals had begun to inhabit the rear structure of 30 Garrett Avenue. The owner provided a photograph of a raccoon sheltering in the siding

On May 29, 2019, Ms. Hamilton called the Solicitor's Office (Grim, Biehn & Thatcher, Perkasie, Pennsylvania) acknowledging service imploring the office to "stop threatening her with fake petitions."

On June 8, 2019, Rachel Ridgeway contacted Bryn Mawr Fire Company and Radnor Township Police to report a sewer odor in her home at 32 Garrett Avenue. Fire officials found negative readings for gas inside 32 Garrett Avenue and believed the odor was emanating from 30 Garrett Avenue.

Officers and BMFC knocked and announced several times prior to Karimu Hamilton opening the door. Hamilton denied BMFC and RTPD permission to enter the house and advised she would only allow PECO to check the property. Hamilton stated "you're not going to enter my home and ruin my day with my daughter." During the interaction Hamilton repeatedly entered and exited the home, shouted "shut the fuck up," and videotaped officers, BMFC, and the public.

4

RADNOR CODE OFFICIAL

6/13/19

PECO was notified at 1614 and PECO employee, Robert Orcutt, did arrive at 1638 and checked the property. PECO's reading inside the residence was negative, however Orcutt advised this officer that the basement of the property is covered in sewage, however no standing water was present. Orcutt stated the inside of the property was "trifling" in its condition and from the brief view inside the residence this officer viewed the property in disarray, with trash and miscellaneous items scattered about.

While on location, Ofc. Fischer did arrive and while in the process of notifying LT. Pinto, Hamilton did approach Ofc. Fischer's vehicle. When requested to not do so, Hamilton did continue to yell profanities.

On June 10, 2019, Radnor Township Police filed criminal charges of Terroristic Threats and Harassment against Hamilton relating to an incident that occurred between Hamilton and Ridgeway between June 8, 2019 and June 10, 2019.

On June 12, 2019, Superintendent of Police Christopher Flanagan met with Hamilton and requested access to the Property so as to preempt an administrative search warrant and minimize the impact on the juvenile living at the Property. Hamilton nevertheless denied access.

Your affiant, Andrew Pancoast, believes that inspection of the 30 Garrett Avenue, Rosemont, Radnor Township, PA 19010, including all structures on the Property, will aid in determining whether Ms. Hamilton is in violation of various Township Ordinances and whether new notices of violation need to be issued and additional equitable actions instituted. Ms. Hamilton has refused to grant entry to the Township to undertake such an inspection upon request of the affiant. Based on the above facts and circumstances your affiant requests a search warrant be issued for the property at 30 Garrett Avenue, Rosemont, Radnor Township, PA 19010.

RADNOR CODE OFFICIAL

5

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s)  (if not sealed) was

☐ personally served on (name of person) _____

☐ was left at (describe the location) _____

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa.C.S. 4904(b)--Unsworn Falsification to Authorities.

| Signature of person Issuing Receipt / Inventory | Printed Name | Affiliation | Badge or Title |
|---|---|---|---|

| Signature of Witness | Printed Name | Affiliation | Badge or Title |
|---|---|---|---|

| Signature of person making Search | Printed Name | Affiliation | Badge or Title |
|---|---|---|---|

AOPC 413B 12-09-96

PAUL WILLIAMSON                                                                  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

**Taxpayer's Record of Estimated Tax Payments (1040-ES)**   (Farmers, fishermen, and fiscal year taxpayers, see instructions.)

| | Payment due date | (a) Date paid | (b) Check or money order number or credit card confirmation number | (c) Amount paid (do not include any credit card convenience fee) | (d) 2018 overpayment credit applied | (e) Total amount paid and credited (add (c) and (d)) |
|---|---|---|---|---|---|---|
| **1** | 4/15/2019 | | | 1,659 | | 1,659 |
| **2** | 6/17/2019 | | | 1,659 | | 1,659 |
| **3** | 9/16/2019 | | | 1,659 | | 1,659 |
| **4** * | 1/15/2020 | | | 1,658 | | 1,658 |
| **Total** . . . . . . . . . . . . . . . . | | | | 6,635 | 0 | 6,635 |
| | | | Unused overpayment . . . . . . . . . . . . . | | | |

* Filers do not have to make this payment if filers file the 2019 tax return by January 31, 2020, and pay the entire balance due with the return.