# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARIMU HAMILTON, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No. 19-cv-2599 |
| RADNOR TOWNSHIP, ET AL., | |
| *Defendants.* | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                           **June 25, 2019**

Plaintiff Karimu Hamilton filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that her rights have been violated by her removal from her home after officials of Radnor Township condemned her home after searching it pursuant to a warrant.[1] She also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Before the Court had an opportunity to rule on her Motion for Leave to Proceed *In Forma Pauperis*, Hamilton filed a Motion for an Emergency Hearing in which she asked to be permitted back into her home. (ECF No. 4.) On June 20, 2019, the Court denied the Motion because Hamilton failed to show a likelihood of success on the merits of her claims. (ECF No. 6.) Hamilton also filed an Amended Complaint, which identifies new Defendants, but does not contain any factual allegations. (ECF No. 5.) For

---

[1] Hamilton's Complaint refers to 18 U.S.C. § 242 as the basis for her claims, but that is a criminal statute that does not give rise to civil liability. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). As Hamilton is proceeding *pro se*, the Court will instead construe her civil rights claims as having been brought pursuant to § 1983, which provides a basis for civil liability against state actors.

1

the following reasons, the Court will grant Hamilton leave to proceed *in forma pauperis* and dismiss her Amended Complaint with leave to amend.

**I.  FACTS**

The impetus for Hamilton's Complaint appears to be the search and condemnation of her home by Radnor Township officials and related proceedings initiated against her in state court stemming from plumbing and other issues at her property. It appears Hamilton's neighbors had contacted authorities on several occasions about odors emanating from the property. Hamilton claims that her rights to due process were violated, that she was subjected to an unlawful search, and that she was discriminated against based on her race and gender. Her allegations are brief. She claims that the Police Commissioner "fabricated police reports [with] several different agencies CYS to gain entry into home" and "filed an administrative warrant outside of ward to get warrant signed." (Compl. at 6.)[2] She does not provide further factual allegations but attached various documents to her Complaint. Hamilton seeks an emergency hearing and a "stay of the administrative so that a Judge can review documents to determine the lawfulness of [the] matter." (*Id.* at 7.)

Hamilton attached to her Complaint as an exhibit a copy of a complaint she filed in the Delaware County Court of Common Pleas under a case number for a 2010 case to which she was a party involving the division of the property encompassing her home and what is currently her neighbor's home. Public records reflect that Hamilton filed the complaint in state court on January 29, 2019. *Downs v. Hamilton*, Docket No. CV-2010-002733 (Delaware Cty. Ct. of Common Pleas). According to that complaint, authorities visited her home on December 4, 2018 visit, and she permitted one police officer and a Children and Youth Services worker to inspect the property.

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

She also called the electric company, which concluded that there was no gas leak on her property. Hamilton alleged that weeks later she received a letter from the Radnor Township Department of Community Development informing her of violations on the property. She also alleged that Radnor Township "has been condemning homes of African Americans in the region" and expressed concerns that the Township would take unlawful actions against her home in violation of her rights. (Compl. at 19.)

Public dockets reflect that on April 25, 2019, Radnor Township filed a complaint in the Delaware County Court of Common Pleas against Hamilton seeking injunctive relief for various code violated alleged to exist at Hamilton's property and related fines. *See Radnor Township v. Hamilton*, Docket No. CV-2019-003622 (Delaware Cty. Ct. of Common Pleas). Attached to the complaint in that case are various notices of violations that were sent to Hamilton at her address. The pleading also describes odors emanating from the property related to plumbing issues. In the instant matter, Hamilton attached to her Complaint a copy of a letter to the President Judge of the Delaware County Court of Common Pleas dated June 13, 2019, in which she alleges, among other things, that the Township collaborated with her neighbors to gain access to her home and that a false report to Children and Youth Services was filed against her leading to the December 4, 2018 visit to her home. She also acknowledges that there is a plumbing issue (and possibly other issues) at her property but states that she is not in a position to fix the problems right now. (Compl. at 9-11.)

On June 13, 2019, Andrew Pancoast, a Radnor Township Community Development Officer applied for a warrant to search Hamilton's property for evidence of code violations relating to accumulation of trash, structural deficiencies, and pests, violations related to plumbing, lack of water and sewer service, violations related to electrical deficiencies, and violations related to fire

3

protection systems. (*Id.* at 29.) The affidavit in support of the warrant application alleged that the Fire Department was dispatched to the property on December 3, 2018 after Hamilton's neighbors contacted authorities, and cyanide gas was found in the air. Employees of the Fire Department allegedly found old food and trash strewn about the property as well as indicia of structural defects. Hamilton allegedly informed the firefighter that the water had been disconnected but that she continued to use the toilets. (*Id.* at 30.)

Pancoast's affidavit also discusses the December 4th visit to Hamilton's property for a well-being check, and alleges that Hamilton denied permission to conduct a code inspection at that time. (*Id.*) He also describes additional events related to the plumbing concerns. Most recently, an employee from the electric company came to Hamilton's property on June 8, 2019 after the neighbor called police about sewer odors. The employee's "reading inside the residence was negative" but he reported that the basement of the property is covered in sewage. (*Id*. at 32.)

It appears that officers of Radnor Township executed the search warrant on June 14, 2019 and condemned Hamilton's home. On the same day, Hamilton filed the instant civil action against Radnor Township, Radnor Township Police Department and Radnor Township Department of Community Development. In the body of her complaint, Hamilton named additional Defendants even though those Defendants were not identified in the caption of the Complaint in accordance with Federal Rule of Civil Procedure 10(a), specifically: (1) Chris Flannagan, identified as Township Police Commissioner; (2) Kevin Kochanski; (3) Andrew Pancoast; and (4) Judge Leon Hunter, who signed off on the warrant.

As noted above, Hamilton filed an Amended Complaint before the Court had an opportunity to address her initial Complaint. Hamilton's Amended Complaint does not provide any factual allegations but names a new group of Defendants in the caption, specifically: (1)

Radnor Township Police Department; (2) Chief of Police Christopher Flannigan; (3) Radnor Township Department of Community Development; (4) Kevin Kochanski; (5) Radnor Township Community Development Officer Andrew Pancoast; (6) Radnor Township Health Office; (7) Marie Carbonara; (8) Bryn Mawr Fire Department & Fire Company Chief; (9) Dan Kincade; (10) Radnor Township Manager Robert A. Zienkowski; and (11) Radnor Township Commissioner Sean Farhy. She does not state what relief she seeks from the Court.

## II. STANDARD OF REVIEW

The Court will grant Hamilton leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Hamilton's Complaint and Amended Complaint are subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Hamilton is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court

has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Hamilton's Amended Complaint is the governing pleading in this case, as an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). Accordingly, the Court is limited to the allegations in the Amended Complaint in determining whether Hamilton has stated a claim for relief.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Hamilton's Amended Complaint contains no allegations whatsoever. She has named a new set of Defendants—presumably, the Defendants against whom she currently seeks to proceed—but she has not explained what each Defendant did or did not do that violated her rights and provides a basis for a claim against them. Nor has she stated what relief she seeks from the Court. Accordingly, her Amended Complaint

fails to state a claim. She will, however, be given an opportunity to file a second amended complaint to clarify her claims.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Hamilton leave to proceed *in forma pauperis* and dismiss her Amended Complaint. This dismissal will be without prejudice to Hamilton's right to file a second amended complaint in the event she can state a claim for relief. An appropriate Order follows.

---

[3] If Hamilton is already proceeding on her claims in state court, or if she is asking this Court to intervene in ongoing proceedings in state court, this Court may be obligated to abstain from adjudicating those claims. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1202 (3d Cir. 1992).