IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIMU HAMILTON, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 19-cv-2599 |
| RADNOR TOWNSHIP, ET AL., | : | |
| *Defendants.* | : | |

**Goldberg, J.**  June 22, 2021

## MEMORANDUM OPINION

The crux of this lawsuit appears to be the search and condemnation of Plaintiff Karimu Hamilton's home by local officials and related proceedings initiated against her in state court, stemming from plumbing and other issues at her property. Plaintiff claims that her rights to due process were violated, that she was subjected to unlawful searches and an unlawful arrest, and that her neighbors and local law enforcement conspired to discriminate against her. Pending before me are three Motions to Dismiss. For the reasons set forth below, Defendant's Motions will be granted in part and denied in part.

**I.  PROCEDURAL BACKGROUND**

On June 14, 2019, Plaintiff, initially proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 because Radnor Township allegedly evicted her from her home. She also filed a Motion for Leave to Proceed *In Forma Pauperis*. Before I ruled on that motion, Plaintiff filed an Amended Complaint, which identified new defendants but did not contain any factual allegations. On June 25, 2019, I granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* but dismissed her Amended Complaint with leave to amend.

1

Plaintiff's counsel then entered an appearance and filed a Second Amended Complaint on August 9, 2019 against the following two groups of defendants: (1) Plaintiff's next-door neighbors, Justin and Rachel Ridgeway (the "Ridgeway Defendants") and (2) the "Radnor Defendants," which collectively refers to Radnor Township Police Superintendent Christopher B. Flanagan and Radnor Township Police Officer Shawn Patterson, Officer Stephanie Racht, Officer Patrick Lacy, Sergeant Christopher Gluck, Officer Brett Greaves, and Andrew Pancoast and Kevin Kochanski, who are employees of the Department of Community Development. In response, the Ridgeway Defendants and Radnor Defendants filed motions to dismiss. I granted the Ridgeway Defendants' motion and granted in part and denied in part the Radnor Defendants' motion. In doing so, I afforded Plaintiff leave to amend.

On September 17, 2020, Plaintiff filed her Third Amended Complaint against the Ridgeway Defendants, Radnor Defendants, and the Bryn Mawr Fire Company ("Bryn Mawr Defendants"). The Third Amended Complaint alleges counts for (1) a violation of the Fourth Amendment for illegal searches against all Defendants, (2) retaliation for complaining of police misconduct against the Radnor Defendants, (3) equal protection violations for selective treatment against the Radnor Defendants, (4) eviction without due process, in violation of the Fourteenth Amendment against the Radnor Defendants, (5) false arrest against the Radnor Defendants and Ridgeway Defendants, and (6) use of excessive force against the Radnor Defendants.

The Ridgeway, Radnor, and Bryn Mawr Defendants have each moved to dismiss some or all of the counts in the Third Amended Complaint.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)). Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

To determine the sufficiency of a complaint under Twombly and Iqbal, a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) identify the allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Millberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted). Under this pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint, unless amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. The Ridgeway Defendants

The Ridgeway Defendants argue that Counts One and Five—for illegal searches in violation of the Fourth Amendment and for false arrest—are only viable against state actors or entities acting under the color of state law. They claim that because they are neither and Plaintiff's Third Amended Complaint fails to plausibly allege such a claim, these claims should be dismissed. While Plaintiff does not dispute that the Ridgeway Defendants are not law enforcement agents, she claims that sufficient facts are pled to establish a conspiracy between the Ridgeway Defendants and law enforcement.

"To allege a claim pursuant to 42 U.S.C. § 1983 for violations of the Constitution, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Yoast v. Pottstown Borough, 437 F. Supp.

3d 403, 420 (E.D. Pa. 2020). Whether a defendant is acting under the color of state law depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted). In determining whether state action exists pursuant to 42 U.S.C. § 1983, the United States Court of Appeals for the Third Circuit has instructed courts to ask whether the private party has acted with the help or in concert with state officials. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks omitted).

"In order to establish the requisite level of joint participation and collaboration, a plaintiff must aver the existence of a pre-arranged plan between the police and a private entity by which the police substituted the judgment of a private party for their own official authority." Boyer v. Mohring, 994 F. Supp. 2d 649, 657 (E.D. Pa. 2014) (quoting Cruz v. Donnelly, 727 F.2d 79, 80 (3d Cir. 1984)). "Determining state action in such cases requires tracing the activity to its source to see if that source fairly can be said to be the state. The question is whether the fingerprints of the state are on the activity itself." Leshko, 423 F.3d at 340 (citing Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (holding state action to be present where the state provides "significant encouragement, either overt or covert" for the activity); Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982) (finding that corporate creditor and its president, who attached debtor's property before judgment, acted under color of state law by participating in the deprivation of debtor's property through state action).

A private citizen does not become a state actor by calling law enforcement to report a concern or a nuisance, even if such report contains deliberately false information. See Retzler v. McCauley, No. 19-1800, 2019 WL 5290802 at *3 (E.D. Pa. Oct. 18, 2019); Yoast, 437 F. Supp. 3d at 420 n.32 (collecting cases in which private citizens were dismissed from lawsuits because they were not alleged to have acted in concert with law enforcement); see also Young v. Kann, 926

F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims may be dismissed when based on a plaintiff's mere suspicion and speculation). "However, providing false information to the police, coupled with a conspiracy to violate constitutional rights, can transform a private actor into a state actor." Simmer v. Kehler, No. 15-2285, 2015 WL 6737017, at *3 (D.N.J. Nov. 2, 2015). Thus, Section 1983 claims against private actors can survive motion to dismiss scrutiny where sufficient facts establish that "the private actor willfully participate[d] in a joint action or conspiracy with the state actor to deprive the plaintiff of a constitutional right." Forlina v. Doe, No. 16-2696, 2019 WL 5188400, at *7 (E.D. Pa. Oct. 11, 2019).

Here, Plaintiff alleges that based upon three incidents, the Ridgeway Defendants were acting under the color of state law as part of a continuing conspiracy with the Radnor Defendants. The following facts, viewed in the light most favorable to Plaintiff, are derived from the Third Amended Complaint:[1]

1. At some unspecified time prior to or on December 3, 2018, Defendant Flanagan informed the Ridgeway Defendants that he wanted to gain entry to Plaintiff's home but that he did not have a warrant. Defendant Flanagan instructed the Ridgeway Defendants to report that they smelled dangerous gas on the premises. Thus, the Ridgeway Defendants reported to Defendant Flanagan about smelling gas emanating from Plaintiff's property. As a result of this report, Defendant Patterson reported to Plaintiff's home and conducted a warrantless search. (Third Am. Compl. at ¶ 16, ECF No. 58.)

2. On June 8, 2019, based on the aforementioned conversation with Defendant Flanagan, the Ridgeway Defendants again reported to law enforcement about smelling gas from Plaintiff's property. The Ridgeway Defendants made this report despite knowing that there was no smell of gas around Plaintiff's premises. While not entirely clear, it appears that, later that same day, Plaintiff's home may have been subject to a warrantless search by the Bryn Mawr Defendants. (Id. at ¶¶ 24, 56–57.)

3. On June 11, 2019, the Ridgeway Defendants again contacted the Radnor Defendants and complained that Plaintiff was walking up the street with a knife. The Ridgeway Defendants knew that Plaintiff was actually holding a hand saw used for gardening but reported seeing

---

[1] In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

a knife based on the prior conversation with Defendant Flanagan, in which he instructed the Ridgeway Defendants to allege a more dangerous situation (i.e., report of a knife) versus what actually occurred. The Ridgeway Defendants were seeking to "deliberately create[] a false impression of an emergency situation in an effort to bring about the arrest of the Plaintiff without probable cause" in a "continuing conspiracy with police" to evict her from her home and arrest her. As a result of the Ridgeway Defendants' report, Defendants Flanagan, Lacey, Gluck, and Geaves (of the Radnor Defendants) arrived on scene, pointed loaded guns at Plaintiff, and detained her on the street corner for twenty to thirty minutes while they investigated the Ridgeway Defendants' complaint. (Id. at ¶¶ 25–26.)

Here, construing the allegations in the light most favorable to Plaintiff, the Third Amended Complaint contains sufficient facts to maintain Section 1983 claims against the Ridgeway Defendants for illegal searches in violation of the Fourth Amendment and for false arrest. Plaintiff alleges that on three occasions, Defendant Flanagan instructed the Ridgeway Defendants to report false information, twice about smelling gas emanating from Plaintiff's home and once about her wielding a knife on the street. In compliance with these instructions, the Ridgeway Defendants made three false reports to law enforcement. Based on the Ridgeway Defendants' reports, Plaintiff's home was subject to at least one warrantless search and she was detained at gunpoint.

Plaintiff has sufficiently alleged the existence of a conspiracy between the Ridgeway and Radnor Defendants and a resultant deprivation of her civil rights. Forlina, 2019 WL 5188400, at *7 (denying private actors' motion to dismiss Section 1983 claims for false arrest, imprisonment, illegal search, and malicious prosecution because the complaint sufficiently alleged that the private actors acted in concert and conspired with state police); see also Luck v. Mount Airy No. 1, LLC, 901 F. Supp. 2d 547, 563 (M.D. Pa. 2012) (denying a motion to dismiss the Section 1983 claims against private actors, concluding that the complaint sufficiently alleged that the private actors and law enforcement agents "acted in concert and performed the actions jointly.") Thus, Plaintiff has alleged sufficient facts to establish, at the pleadings stage, that the Ridgway Defendants were

acting under the color of state law. Accordingly, I will deny the Ridgeway Defendants' request to dismiss Counts One and Five.

B. **The Radnor Defendants**

The Radnor Defendants argue that Count Two—for retaliation for complaining of police misconduct—should be dismissed for failure to state a claim. Plaintiff responds that sufficient facts have been pled to support this claim. Viewing Count Two in the light most favorable to Plaintiff, she alleges that the Radnor Defendants retaliated against her based on her speech in violation of the First Amendment.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006). "To establish the requisite causal connection, a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). A plaintiff must first show that the defendant had knowledge of the protected activity to show that such activity was "a substantial or motivating factor" in its disciplinary action. Ambrose v. Twp. of Robinson, 303 F.3d 488, 493–94 (3d Cir. 2002).

Attempting to understand the allegations in Count Two is somewhat challenging as the facts pled are unclear.[2] However, construing the facts in the light most favorable to Plaintiff, she alleges:

---

2    I note that Plaintiff's counseled original complaint and amended pleadings all contain a series of run-on sentences and lack clear chronology. (See generally Third Am. Compl. ¶¶ 49, 61, 71.) Her briefs

1. Around April 2010, Radnor Township Police Department Officers towed a car from Plaintiff's driveway. At some unspecified time later, Plaintiff complained to the Radnor Township Police Department that they had no right to tow her car. At another unspecified time, Plaintiff alleges that she was charged with criminal trespassing in retaliation. (Third Am. Compl. at ¶¶ 29–31, 61.)

2. A grapevine straddled the property line between Plaintiff's home and that of the Ridgeway Defendants. At some unspecified time, "Defendant Flanagan told Plaintiff [that] Defendants Ridgeway said the grapevine was on the Ridgeway['s] property and that if Plaintiff touched it[,] [Defendant Flanagan] would cite [Plaintiff] for criminal trespassing." (Id. at ¶ 34.) At some other unspecified time, the Ridgeway Defendants cut down the grapevine without Plaintiff's permission. When Plaintiff reported this to Defendant Flanagan, he told Plaintiff to file a police report. In response, Defendant Flanagan "took no action." (Id. at ¶¶ 33–36, 61.)

3. While the Third Amended Complaint is not entirely clear, it appears that Plaintiff is alleging that as a result of her aforementioned complaints to the Radnor Defendants, she was subjected to a warrantless search of her home in June 2019 and eventual eviction on June 14, 2019. (Id. at ¶¶ 25, 37–38.)[3]

Here, Plaintiff's allegations in Count Two of the Third Amended Complaint are nearly identical those alleged, and previously dismissed, in the Second Amended Complaint. For the same reasons set forth my August 28, 2020 Order, I conclude that Plaintiff has failed to allege a cause of action for retaliation under the First Amendment. (Aug. 28, 2020 Order at ¶¶ 16–21, ECF No. 56.) As I previously noted with regard to this count in the Second Amended Complaint, even assuming that this count in the Third Amended Complaint establishes the first two prongs required

---

have been even more challenging to decipher as they all include unorganized, erratic document formatting and large portions of copy and pasted allegations from her pleadings and case law citations. (See generally Pl.'s Br. in Resp. to Radnor Defs.' Mot., ECF No. 62.) Plaintiff's counsel is advised to proofread and edit future filings.

3   As referenced in Plaintiff's Third Amended Complaint, on April 25, 2019, Radnor Township filed a complaint in the Delaware County Court of Common Pleas against Plaintiff seeking injunctive relief for various housing code violations alleged to have existed at Plaintiff's property. (Third Am. Compl. at ¶¶ 37–43); see also Radnor Township v. Hamilton, Docket No. CV-2019-003622 (Delaware Cnty. Ct. of Common Pleas). None of the individually-named Defendants from the present federal case are named in the state court litigation. On July 11, 2019, the state court judge entered an order requiring Plaintiff to correct particular code violations in her home and prohibiting Plaintiff from staying overnight on the property until such violations were corrected.

for a retaliation claim, Plaintiff has not sufficiently pled a causal link between the constitutionally protected conduct and the purported retaliatory action.

Nonetheless, Plaintiff attempts to establish a retaliation claim based on an April 2010 incident during which unidentified Radnor Township Police Department Officers towed her car. Plaintiff alleges that in response to her complaints about the car towing, unspecified members of the Radnor Township police, at some unspecified time thereafter, responded by citing her for criminal trespass. Plaintiff has not identified the actors involved in any of these incidents or explained how or if her complaints were causally or temporally related to her criminal trespass charge.

Plaintiff next alleges that during some unspecified time, she complained to Defendant Flanagan that the Ridgeway Defendants planned to remove her grapevine. Plaintiff pleads that, in response to her complaints, Defendant Flanagan "took no action." (Third Am. Compl. at ¶ 26.) Plaintiff attempts to link her grapevine complaints to the June 2019 warrantless search of her home and her eventual eviction. However, there are no facts pled to establish a causal link between these events.

Finally, without specifying how or when she conveyed such messages, Plaintiff alleges that she "has repeatedly complained to Defendants that she has been the victim of police overreach" based on officers' filing of charges without probable cause. (Id. at ¶ 44.) Even viewing this assertion in the light most favorable to Plaintiff, it is a conclusory speculation that cannot survive Rule 12(b)(6) scrutiny. Trelenberg v. 21st Century Ins. & Fin. Servs., Inc., No. 12-3603, 2013 WL 3914468, at *13 (E.D. Pa. July 30, 2013) (dismissing a retaliation claim because the plaintiff "allege[d] no facts that give rise to anything more than pure speculation" to support it); Pina v. Henkel Corp., No. 07-4048, 2008 WL 819901, at *4 (E.D. Pa. Mar. 26, 2008) (same).

Accordingly, Plaintiff's Third Amended Complaint fails to adequately plead a causal link between her allegedly protected activities and the Radnor Defendants' supposed retaliatory conduct. Therefore, I will grant the Radnor Defendants' Motion to Dismiss the retaliation claim. Because I have already afforded Plaintiff leave to amend this claim, I find that further amendment will be futile. Grayson, 293 F.3d at 108. Therefore, Count Two will be dismissed with prejudice.

**C. The Bryn Mawr Defendants**

The Bryn Mawr Defendants argue that Count One—for violation of the Fourth Amendment for illegal searches—should be dismissed for failure to state a claim and for failure to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.[4] Plaintiff responds that sufficient facts have been pled to support this claim.

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by governmental actors. U.S. Const. amend. IV. A warrantless home entry and search is "presumptively unconstitutional, but exigent circumstances can excuse the warrant requirement." Kubicki v. Whitemarsh Twp., 270 Fed. App'x 127, 128 (3d Cir. 2008) (citations omitted). "Examples of exigent circumstances include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." United States v. Coles, 437 F.3d 361, 366 (3d Cir. 2006). "[T]he state actors making the search must have reason to believe that life or limb is in immediate jeopardy and that the intrusion is reasonably necessary to alleviate the threat." Good v. Dauphin Cty. Soc. Servs. for Children & Youth, 891 F.2d 1087, 1094 (3d Cir. 1989). The court must decide "whether the

---

[4]  The Bryn Mawr Defendants also argue that Counts Two through Six should also be dismissed. However, as Plaintiff readily concedes, none are alleged against the Bryn Mawr Defendants. (Pl.'s Resp. at 1, ECF No. 70.) Therefore, I need not address the Bryn Mawr Defendants' arguments as to those counts.

10

officer's determination was objectively reasonable at the time in question, based on the reasonably discoverable information available to the officer at the time." United States v. Sculco, 82 F. Supp. 2d 410, 417 (E.D. Pa. 2000).

Whether exigent circumstances were present is a question of fact. Id. "Therefore, these fact-specific claims typically are not amenable to resolution on the pleadings alone, unless those pleadings affirmatively demonstrate the existence of an exception to the Fourth Amendment's warrant requirement." Tucker v. Petruzzi, No. 17-1848, 2018 WL 3623766, at *5 (M.D. Pa. June 27, 2018), report and recommendation adopted, No. 17-1848, 2018 WL 3622772 (M.D. Pa. July 30, 2018). "[T]he very nature of Fourth Amendment . . . unlawful entry litigation entails a consideration of the requirements of the Constitution in a specific factual context. . . . As such, these claims frequently are not subject to resolution on a motion to dismiss, where our review is confined to an assessment of the well-pleaded facts in the complaint." Id.

Viewing the facts in the light most favorable to Plaintiff, she alleges that based on following two warrantless searches of her home, the Bryn Mawr Defendants violated her Fourth Amendment rights:

1. The Bryn Mawr Defendants, who constitute the fire department in Plaintiff's area, dispatched to Plaintiff's home on December 3, 2018. Despite knowing that there was no fire, no evidence of smoke, and no evidence of gas on the premises, the Bryn Mawr Defendants conducted a warrantless search of Plaintiff's home. (Third Am. Compl. at ¶¶ 51, 54–55.)

2. On June 8, 2019, the Bryn Mawr Defendants returned to Plaintiff's home. Despite knowing that there was no fire, no evidence of smoke, and no evidence of gas on the premises, the Bryn Mawr Defendants conducted a second warrantless search of Plaintiff's home. (Id. at ¶¶ 56–57.)

I find no allegations to suggest that Plaintiff consented to either search of her home. While the Bryn Mawr Defendants argue that Plaintiff "failed to state facts to demonstrate that [the Bryn Mawr Defendants]' review of the premises for fire safety purposes was not for an exceptional

11

purpose" (Bryn Mawr Defs.' Br. at 6, ECF No. 68-1), I find that such burden does not align with Rule 12(b)(6) analysis. Rather, my current review is limited to determining whether sufficient facts have been pled to support a claim for a violation of the Fourth Amendment. Here, Plaintiff has alleged that the Bryn Mawr Defendants conducted two unreasonable, warrantless searches of her home. Thus, she has sufficiently pled this claim.

An appropriate analysis of whether exigent circumstances justified the warrantless searches of Plaintiff's home turns on a series of fact-intensive evaluations, including a review of the totality of the circumstances leading to and during both entries and searches of Plaintiff's home. As such review necessitates considerations beyond the pleadings, disposition of the Fourth Amendment claim is better suited following discovery and on a motion for summary judgment. Therefore, I will deny the Bryn Mawr Defendants' Motion to Dismiss Count One.

## IV.   CONCLUSION

For the foregoing reasons, I will deny the Ridgeway Defendant's Motion, grant the Radnor Defendants' Motion, and deny the Bryn Mawr Defendants' Motion. An appropriate order follows.